

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 1:08-CR-161 |
| | § | |
| JAMES LEUIS FONTENOT | § | |
| a/k/a JAMES LEWIS FONTENOT | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 5, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, James Leuis Fontenot, a/k/a James Lewis Fontenot, on **Count 1 and Count 2** of the charging Indictment filed in this cause. Count 1 of the

Indictment charges that on or about August 13, 2008, in the Eastern District of Texas, James Leuis Fontenot, a/k/a James Lewis Fontenot, Defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year[1], did knowingly possess in and affecting interstate and foreign commerce a firearm, to wit: one (1) Zastava, Model Mark X, .270 caliber rifle, bearing serial number R24323 and one (1) Winchester, Model 250, .22 caliber rifle, bearing serial number B1344139, in violation of Title 18, United States Code, Section 922(g)(1).

Count 2 charges that on or about August 13, 2008, in the Eastern District of Texas, James Leuis Fontenot, a/k/a James Lewis Fontenot, Defendant herein, knowingly received, possessed and concealed a stolen firearm, to-wit: one (1) Zastava, Model Mark X, .270 caliber rifle, bearing serial number R24323 and one (1) Winchester, Model 250, .22 caliber rifle, bearing serial number B1344139, which had been shipped and transported in interstate and foreign commerce, before being stolen, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

Defendant, James Leuis Fontenot, a/k/a James Lewis Fontenot, entered a plea of guilty to Count 1 and Count 2 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely

---

[1] The Indictment also alleges several prior felony convictions incurred by the Defendant. The Court will not restate those but incorporates them as listed in the Indictment for purposes of this report.

and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

b.  That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

c.  That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. §§ 922(g)(1), 922(j) and 924(a)(2).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government proffered the following evidence at the hearing. *See Factual Basis and Stipulation*.

The Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government and Defendant agreed that the Government would prove each and every essential element of the charged offenses. The Defendant also stipulated to the facts presented by the Government in support of his guilty plea. If the case proceeded to trial, the Government

would have proven every essential element of the offenses, beyond a reasonable doubt, through sworn testimony, including witnesses and expert witnesses, and through exhibits.

Specifically, the Government would show that Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents (SAs) Kevin Wolfe and Matthew Perry would testify that on August 25, 2008, they were conducting an investigation involving the theft of several firearms from residential burglaries in Orange County, Texas. During the course of their investigation, they traveled to the Lone Star Pawn Shop located on Nederland Avenue in Nederland, Texas, in the Eastern District of Texas. At that location they located and retrieved two (2) firearms that been recently stolen during a residential burglary, namely, one (1) Zastava, Model Mark X, .270 caliber rifle, bearing serial number R24323 and one (1) Winchester, Model 250, .22 caliber rifle, bearing serial number B1344139, the firearms described in Counts 1 and 2 of the Indictment. According to pawn records, these firearms were pawned on August 13, 2008 by James Fontenot, the Defendant. This would be corroborated by the testimony of the pawn shop employee/clerk who handled the transaction with the Defendant and who was able to identify the Defendant from a photo line-up as the person who possessed and delivered to him the two firearms described in Counts 1 and 2 of the Indictment. The ATF agents confirmed that the firearms had been stolen from a residential burglary in Orange County on August 13, 2008.

ATF Special Agent Kevin J. Wolfe and Sergeant Tom Ray of the Orange County Sheriff's Department would testify that on August 27, 2008, they conducted an interview of Defendant Fontenot. They would testify that, after advising Defendant Fontenot of his rights under *Miranda*, Fontenot waived those and agreed to talk to them. They would testify, among

4

other things, that Defendant Fontenot admitted to burglarizing the residence from which the two firearms named in the indictment were stolen in August 2008.

Jane Hollier, Forensic Investigator with the Jefferson County Sheriff's Department, a qualified forensic fingerprint examiner, and other witnesses, would testify that Defendant Fontenot is one and the same individual who had previously been convicted of one or more crime(s) punishable by imprisonment for a term exceeding one year, as alleged in the Indictment, namely Burglary of a Habitation, a felony, in cause number A-020698-R, in the 128th District Court of Orange County, Texas (final judgment dated December 12, 2002), Burglary of a Habitation, a felony, in cause number A-020058-R, in the 128th District Court of Orange County, Texas (final judgment dated December 12, 2002), Burglary of a Building, a state jail felony, in cause number A020701-R, in the 128th District Court of Orange County, Texas (judgment dated December 12, 2002), Burglary of a Habitation, a felony, in cause number A030151-R, in the 128th District Court of Orange County, Texas (judgment dated April 23, 2003), Burglary of a Habitation, a felony, in cause number A030154-R, in the 128th District Court of Orange County, Texas (judgment dated April 23, 2003), and Theft of Property, a state jail felony, in cause number 86572, in the 252nd District Court of Jefferson County, Texas (final judgment and adjudication dated December 19, 2003).

ATF Special Agent Larry Sanders would also testify that he is qualified as an expert in the field of determining the interstate nexus of firearms, and, based on his examination of the firearms in this case, each were manufactured outside the state of Texas, and within another state or country, and therefore had traveled in interstate or foreign commerce as defined by statute.

Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the factual basis and agreed with the Government's ability to prove the elements of the offense. Defendant also testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDATION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1 and Count 2 of the Indictment** filed in this criminal proceeding. Accordingly, it is further recommended that Defendant, James Leuis Fontenot, a/k/a James Lewis Fontenot, be finally adjudged guilty of the charged offenses under 18 U.S.C. §§ 922(g)(1), 922(j) and 924(a)(2) as stated in the Indictment.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the federal Sentencing Guidelines and/or the presentence report . The District Court may defer its decision to accept or reject the plea until there has been an opportunity to consider the presentence report. Defendant reserves his right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written

objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of February, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE